The argument today is in cases United States versus Hartley, which is 22 3 0 1 0 and United States versus debtor 22 3 0 4 4 Council are present and apparently ready to proceed so we will go ahead with argument and You'll want to unmute Your screen, so we're ready to go miss Gassman Good morning, may it please the court Kayla Gassman for the appellants Dalton Hartley and Corey debtor The error in these two cases is the district courts application of its own policy never to grant early termination of probation Despite a statute that gives the court discretion to grant early termination Sets forth factors that the court should consider when making those decisions in individual cases a Failure to exercise discretion is an abuse of discretion and that's what we have here I don't actually think there's any Real dispute that it would not be permissible for a district court to adopt a policy never to exercise discretion granted by statute And I think there's two things in these cases that show that that is what the district court did here First the language of the court's orders in these two cases and second the court's orders in other cases So I want to turn to the court's specific language in these orders So in when denying the motions to terminate probation, but when the court is explaining why first he contrasts supervised release where the court will will consider early termination with probation where the court will not consider it and Then he concludes Quote where the principal sentence imposed on a defendant was of probation The court does not find that a subsequent truncation of that sentence is in the interest of justice Even if as here the conduct of the defendant is meritorious Counsel when you're saying that the court did not exercise its discretion Didn't it exercise its discretion when it referred to the interests of justice? So the only finding that the court makes as an interest of justice finding is the fact that the sentence was probation So the court the only thing the court cites as the basis for denying was the fact that the defendants got probation that's just a statement of His policy never to grant early termination, and I think whatever the interest of justice Means it can't mean something that would bar relief in every case and I think it's The what as we've said in our reply even when the court the court this court has recognized That a court a district court has broad discretion to make a decision or to make a finding that discretion Still doesn't give the court the authority to adopt a categorical policy never to do something when a statute gives the court the authority to do that and here the turning back to the interest of justice finding the the language of that is Absolute. So what he says is if this if the sentence imposed on a defendant So any defendant was of probation then truncation is not in the interest of justice. That's general language There's nothing specific or individual to any of these to either of these defendants The court is citing again just the fact that the defendants got a sentence of probation but of course the fact that you've got a sentence of probation and that you have not completed that sentence is what makes someone eligible to file a motion for early termination and I also want to point to the court's orders in other cases. So we've attached those orders to our briefs. The court has Announced this identical policy and at least four other cases that we've been able to find including Every case that I've been able to identify where a motion to terminate Probation was filed and in each order the court describes the same policy in the same absolute terms so I think the language the court actually uses and The consistency of the court's announcement of that policy in every case shows that the court does have a policy here Never to grant termination of probation and that is an abuse of discretion Also, can I get you though to speak a little bit? more Concretely to why you read this as saying never I Mean it doesn't say never and it doesn't say I have a blanket policy to never it doesn't Expressly say that so, can you help me understand where you get the I have a policy never? so I think the the Specific place. So I think the whole paragraph So it's at page 53 of the Hartley record where the court is contrasting supervised release with probation I think that's one one piece of evidence because the court is saying I Frequently grant or consider early termination in supervised release cases, but here this is probation So I'm not going to consider it and then the sentence at the end of that paragraph the court says Where the principal sentence imposed on a defendant was of probation and that is just a general Description this sentence is probation Then the court does not find that truncation is in the interest of justice. So the court will not grant termination if The sentence was probation and then the last part of that phrase is even if as here the conduct of the dependent is meritorious I read that to mean no exceptions So if you got probation, then you can't get Trump trucky truncation of that sentence You can't get termination and there are no exceptions So that's the specific language that I think shows the court is saying that he does not do this I agree. He doesn't say I have a policy. He doesn't say never but he's saying in this order in Mr. Dutton's case in mr Hartley's case and in four other cases that when you've got a sentence of probation, then I do not grant termination You Counsel I'd like to ask you about how you understand the reference to the 3553 a factors in the statute Should be understood the statute begins by saying the court after considering the factors set forth in 18 USC section 3553 a To the extent they're applicable may it may terminate a term of probation Doesn't that suggest the court must consider the factors only when granting early termination of probation I Don't think so I think that the statute sets forth three factors that the court should consider when when deciding these motions But in this case, this is that's not this case. We don't even get there I mean, I think our position is the district court didn't consider any of the factors So he didn't consider the conduct of the defendant He didn't consider the interest of justice and he didn't consider the 3553 a factors because his his only I guess Finding is that the sentence was probation That's just his articulation of his policy his practice Not to grant termination when the sentence was probation So in terms of exactly what factors what 3553 a factors the court needed to consider and kind of at what at what level of Depth that I don't think any of that is presented by this case Because we don't the court didn't even get that far the court just says I'm not gonna grant these Because you've got a sentence of probation Well, would you agree that a district court? under the statute Could deny a motion for early termination Solely on the defendants conduct or the interest of justice I Probably I mean again, I don't think that that has not been presented by this case. I don't think that's the situation that we have but I think even if the court is well, but Just just to kind of put a finer point on it That the government's argument that that is exactly what This judge did was was rely on the interest of justice and and really nothing else but whatever the interest of justice means under the statute Congress clearly didn't mean that the court could rely on a Fact that's present in every case So the court the Congress has given the court a statute that says you may grant termination of probation After a year in a felony case So if the court is interpreting the interest of justice to mean because you've got probation then I'm not terminating probation That's completely contrary to the statute that made termination available To defendants after serving a year of probation. So, you know again, I agree the interest of justice. It's not defined It's a very broad term But whatever it means I think it doesn't grant the district court discretion to completely ignore the statute and his obligation to make you know An individualized assessment when deciding whether to grant a motion in each. Oh often often in rulings from the district court. We Give the district court considerable leeway We do not require as we often say in sentencing cases Really back in the day when we were dealing more fully with guideline cases We do not require magic words, we do not require the court to walk through 355 3a in detail. We assume that the court knows the statutes and applies the sentencing statutes So isn't it enough to refer to the interest of justice here? So here in this case, it's not and here's why I think in those cases The court is frequently dealing with an absence of explanation a very brief explanation a very brief reference to the 3553 But here we have the district court giving us his explanation He's stating what his explanation is and his explanation is if I gave you probation I don't grant termination and that's contrary to the statute So, you know the court can have leeway in a case where there is an absence of explanation But where the court's explanation is actually contrary to law, then I don't think those principles have the same applicability I do want to talk about our Requested remedy we set forth, you know, the government hasn't taken a position on reassignment to a different judge We set forth in the brief why we think those standards are met I just want to briefly reiterate what those standards are So the two of the three factors I think way pretty strongly in favor of reassignment here The first one is whether the judge would reasonably be expected to have substantial difficulty putting out of his mind He's previously expressed views. And then the second factor is whether reassignment is advisable to preserve even the appearance of justice and those are the two factors that we think are met here because we're a court has You know a long-standing Frequently announced policy never to exercise his discretion under the statute and that you know early termination of probation is never warranted I think that the judge can reasonably be expected to have difficulty putting that out of his mind when reconsidering these motions And if we if we rule in your favor and say, you know This this is not permissible this policy if it is such a policy and you have to Make other or additional findings in these determinations on these motions Surely we can expect the district court to follow the rulings of this court So that that's not the standard So the standard is whether the original judge can reasonably be expected to have substantial difficulty putting out of his mind Previously expressed views so, you know We don't have to show that the court Wouldn't follow the directions of this court I think what the standard is is whether there's a reasonable belief that the court might have substantial difficulty Disregarding his previous views and that that's what we think is met here. Is there any Anything in the record to indicate that this judge has any bias towards your clients? No, but these factors are The factors that the court uses to consider in the absence of personal bias So, of course if there was a personal bias, I think we would be under a different framework That's not that's not the framework that we're in The three factors that we're talking about apply in the absence of a of a claim of personal bias and we think that those are met I did want to briefly discuss the appeal waiver issue That arises in mr. Hartley's case. Mr. Harley has a plea agreement with an appeal waiver, but mr. Detter does not have a plea agreement So the the waiver issue would not prevent the court from breaching the merits of the case in mr. Detter's case I've three principles three principles. I think are particularly important when we're talking about the appeal waiver So first that waivers are construed narrowly and against the government second that an appeal waiver has to be construed as a whole and not just by discrete phrases and then lastly that Ambiguities are construed against the government. And if the waiver is ambiguous as to whether it applies here, then it does not apply And there are four four things that I think I want to talk about super quickly about this waiver that I think are very important That show that it does not cover an appeal from a post sentencing motion to terminate probation So first is the waivers first sentence all of the terms the government references about Waiving the right to appeal any matter in connection with the sentence So what that phrase actually modifies is the sentence to be imposed herein And as we've set forth in the briefing in a plea agreement that language is most naturally read to mean the original sentence imposed at the initial sentencing and memorialized in the judgment and then there's more Aspects of the waiver that show that that is the scope of it So then the waiver expressly includes appeals of revocation sentences Which is another post sentencing proceeding pursuant to separate procedures that creates a separate right to appeal So the waiver is including one expressly revocation appeals But not saying anything about motions to terminate probation or appeals of those motions indicates the first is covered, but the second isn't The waiver also invokes 18 USC 3742 which gives the defendant the right to appeal a final sentence so by tying the waiver to 3742 the waiver is again indicating to a defendant that what he's waiving is the right to appeal the original sentence and Then last I think oh, this is particularly important the waiver has This in other words Clarification and as we've said in the briefing in other words is it's an idiom. It's a phrase that's intended to mean You know It's summarizing or stating more specifically what was said before and here this in other words Clarification says that in other words the defendant waives the right to appeal the sentence imposed in this case Let me just ask you in terms of what was said before Isn't the government's Strongest argument here based on the words any matter in connection with Any matter is a pretty broad term, isn't it? Yes, and I think that is their argument But my point is that the principles are that those terms have to be read Narrowly and against the government and that they have to be read in context So the waiver goes on after using that fairly broad term to say all of these other things Including including revocation sentences invoking 3742 and Clarifying that the defendant waives the right to appeal the sentence imposed in this case so all of those other aspects of the waiver show that it means the the right to appeal the original sentence and revocation sentences, but it doesn't include the right to appeal a post-sentencing motion to terminate probation and With just one point that again if it's ambiguous then it has to be read against the government Which I think is an important point and with that I will reserve the rest of my time for rebuttal Thank You counsel, mr. Brown Good morning, your honors First of all, we'd like to point out that here the district court did not abuse its discretion. It actually exercised its discretion It found that granting the defendant's motion would not be in the interest of justice That's the statutory factors. This court knows the court made that finding upon considering the individual and case-specific Circumstances of the defendants case which include number one The fact that he had not completed probation in his case, which was the sentence imposed and number two That his conduct on probation was meritorious So that those are individual factors that the court considered case-specific Factors the court exercised its discretion based upon those case-specific factors and found that It was on that first point. Could you clarify? The court found that he hadn't completed probation but Isn't the whole point of the statute that? Someone's on probation and is asking for early termination. So Is that really an individualized? Determination it seems to favor Miss Gassman's argument that it's that's something that happens in all of these motions well, your honor, I I guess I guess the court is asking if that is a cognizable reason to deny the motion and The fact I think what I'm asking it isn't that present in every motion I would say it has to be present in every motion. Otherwise, the motion wouldn't be wouldn't be wouldn't be filed So yes, it's present. Then the question is whether or not that's a cognizable reason to deny a motion now your honor We think that it is because the statute says may as as your honor already pointed out an oral argument with my colleague The statute says may so the court is not required to even if for example If if the court if the defendant comes to the court says hey, I haven't completed my probation yet but I want to get off probation 3742 says that you have you may or 3564 says that you may Terminate my probation the district court can just say well, right the statute says I may terminate it But you know when I look at it probation is a sentence I gave you and I don't think would be in the interest of justice and and just because the statute allows relief that doesn't mean that the court has to Look at that factor in grant relief or not even consider that factor not consider the fact that the defendant has not completed his probation That's why the statute says may otherwise it would say shall You know, it says may so so our argument sort of is that okay The court can just the court has a lot of discretion here because of that may So if he's already on probation the court can say look you haven't completed your probation yet. So Section says I may or may not grant it. I'm not going to grant it and there's nothing wrong with that That's not an abuse of discretion and it's also a cognizable reason not to grant it. So that's that's sort of our position So yes, your honor it is it is a fact in all of these cases But it's a factor that it's a cognizable Factor that the court can look at we're deciding whether to grant the motion and and exercise the may it's in the statute And here that's here. That's apparently what the district court did The district court always does this right? I mean Did it with mr. Hartley and mr. Detmer and all these other cases? And says pretty much the same thing For someone in the shoes of mr. Hartley and mr. Detmer if they if they come into this judge's court It's almost as if the statute doesn't exist Well, no, it's not it's not as if the statute doesn't exist It's the court said that the statute exists and the statute has a big fat may in it The may the court says look the statute has a may in it You haven't completed your probation when I give you a sentence of probation I want it to be completed and so I'm just going to not not grant your motion Now the court is as alluded to the fact that the court always does this that's not that's not anything The court has ever said, you know It is true that the court has ruled similarly in cases with similar facts as as my colleague points out But but even so the court here looked at the fact that the defendant this Defendant in this specific case had not completed his probation Probation was his sentence and the court saw that as not not being in the interest of justice to to grant the motion in the Council council. Did you find any cases where the court had granted a motion for early release? No, your honor we did not We do not we acknowledge the court the court the court's language in the order Supports the inference of the court Thinks that this is how these types of cases should be handled and that the cases cited by my colleague Do show that the court has ruled similarly in cases with similar facts And you know whether we want to call that a policy We're not in the business of putting words in the court's mouth and saying no the court has a policy That's that's the court's job to do that. We're not going to do that Well, how does that square with what Congress decided to do and it enacted the statute didn't Congress anticipate? that a judge having received a motion is going to give individualized consideration which you know at the end of the Statement by the judge. It's not referring to mr. Detmer. Mr. Hartley. It's talking to he's talking about a defendant Well, the court did give individualized consideration The defendant the defendant falls into the class of people that the court identified as One where the principal sentence imposed was one of probation and because the defendant fell into that class the court found that it's not in The interest of justice to grant a subsequent truncation of that sentence. So it is a case specific fact It's also a case specific fact that the court considered the defendants conduct and found that it not to be meritorious Okay, fine now your honor judge Matheson you've asked well Doesn't this sort of circumvent the intent of Congress the intent of Congress is to give the court discretion That's why the word may is in there instead of the word shall or instead of the word must it's may so the court has Very broad discretion, you know, the argument could be made We haven't made it that the court doesn't really even need to make any findings All the factors can be satisfied and the court can still say no statute has a minute I'm not going to grant it and that would be fine under that statute So the intent of Congress is to give the court the final say in In an act within its discretion and here that's just what the court did If I can move on to just another another point on this There's a waiver here the the court made a finding That is obvious in the record that it's not in the interest of justice to grant the motion Defendant does not challenge that finding in her opening brief. All the defendant says is oh, this is a policy This is a policy and and and this this is enough to make it wrong. It's not true There's a finding that it's not in the interest of justice to grant this because defendant had not completed a stern reprobation The defendant never grapples with the reasoning behind that. She just says oh because it's a policy that can't possibly stand It's it's an abuse of discretion But here we do have an exercise of discretion there's a point counsel You may not agree with the argument that it was a blanket policy but how is not how is that not a response to your claim that the judge did find an interest of justice reason to deny the motion Seems like it is a response to that and it's not a waiver It's just it seems more that you're disagreeing with the notion that it's a policy argument Well, it's presented as error on the basis of the district courts following its alleged policy That's how the defendant presents the argument that the error is to follow a policy That's how she how the argument is presented. It's not the district court erred in finding that there was a miscarriage of justice that's not how the defendant presents the argument and The defendant does not grapple with the fact that these facts and the court's reasons for making that finding Because the defendant had not completed a stern reprobation even though his conduct was meritorious can Can result in a miscarriage of justice the defendant never never even grapples with that whole finding or the reasoning behind it It's way and this court can can affirm on that basis alone Do you concede that the court has a policy in these cases Okay, your honor. That's that's we concede that the court has ruled similarly in cases with similar facts The word policy is sort of a loaded term and and we hate to we hate to characterize Well the sentence that I'm looking at in the courts rulings The court views that differently and that is when the sentence was Probation the court views that differently Than early termination of supervised release where a defendant has already served his full incarceration sentence so that is arguably the courts view of this specific situation and Therefore he applies the outcome which is denied. Is that not a policy? We Think that and I'm not trying to be evasive here We think that it's we acknowledge that the court has ruled similarly in cases with similar facts whether it's a policy It is sort of an irrelevant legal Matter we think it's not it doesn't really have any bearing here because the facts here show that the court Did rely on case-specific facts to deny the motion whether there's a policy or not You would rather that we that we look at this as whether or not the court abused its discretion just in the generic analysis Yes, and that's what we argue in our brief The court relied on case-specific facts to deny the motion The two case-specific facts were number one The defendant had not completed his term of probation and number two that his conduct was meritorious The court found that the meritorious conduct did not outweigh its concern that the defendant had not completed his term of probation That's why we argue harmless error even if there is a policy even if the court applied it the court still denied the motion based on case-specific facts and the court made a Finding that the defendant does not contest that there was there's a that it was not in the interest of justice on these specific facts To deny the motion instead the defendant presents the error as following the policy not the defendant does not present the error as as The district court's interest in justice the finding interest of justice finding was an abuse of discretion That's that's basically what our argument. How could the defendants Meritorious conduct be a ground to deny the motion It's not a ground to deny But we just we just point that out to show that the district court considered a case Specific factor in denying the motion and whether or not it supports denial The court weighed factors and found that that that factor did not weigh predominantly in the balancing because the defendant had not completed his term Of probation, that's all you you you mentioned a class of I think you used the word class of cases earlier, so if we have a case where The defendant was put on probation has not completed the term of probation and Whose conduct was meritorious if we have a class of defendants that meet all of those descriptions Then this judge is going to say in the interest of justice motion denied Is that where we are with this judge? I? Think that's fair to say I think that's fair to say your honor. I Think that's fair to say but but but then we circle back to my prior argument that the court can consider the fact the fact that the defendant did not complete his term of probation is not a factor that the that the statute says the court cannot consider The interest of justice is not defined in the statute that term is not defined courts have broad authority to define that term. The Court had the authority to look at whether defendant had completed his term of probation and finding whether he was should get relief under the statute, the statutes use of the term may Tells you everything that you need to know about Congress's intent, the court has broad discretion to grant or not for broad discretion to grant or not grant these motions and and the interest of justice, the court has the ability to make that finding That's, that's, that's our argument. If there are no more questions about that I will move to the waiver to the appeal waiver argument in Mr. Hartman's case. All right, on the appeal waiver. We think that The, the, the waiver bars this appeal based on the language in the basically the first sentence of the appeal of the appeal waiver that's in the statute. It says the defendant knowingly involuntarily waives any right to attack any matter in connection with the components of the sentence to be imposed hearing So this is as broad as this is as broad language as you can possibly get. We can't make it any broader. We can't even imagine how we can make it any broader if this court said it was delimiting in any way. Um, The defendant says, Oh, well, this doesn't, this doesn't talk about the denial of a motion for early termination of probation. Well, the waiver says any right To appeal any any right to appeal and and that includes that includes any right to appeal that he may have that would come up during this prosecution sentence. And, and here, here we are. He's trying to exercise a right to appeal, which he has, but he's waived any right to appeal. That's really how simple the argument is here. But it's a sentence imposed, which would lead one to believe we're talking about the sentencing that will occur in this case. And aren't we beyond that in this matter where we have a motion after sentencing after service of part of the sentence, which is probation and then emotion is file. How do we reach out that far in and apply this language to apply to to that motion. Well, the sentence to be imposed that that language, you know, the plea, the plea agreement and a waiver is negotiated before the sentence is imposed. If we said the sentence. Imposed in this case, it would, it would not be temporarily, it wouldn't temporarily make sense. So we say the sentence to be imposed. Do we think that there's a limitation by the use of the word bus sentence. Does that mean just the original sentence. No, the waiver talks about other types of appeals collateral attacks. Motions to modify things like that. So, and also a motion of challenge to the sentence or revocation on supervised release. So, There's no temporal limitation in this appeal waiver of what appeal. He can what he can bring he's waived any right to appeal any matter. It can't, we can't make it any broader than that. Couldn't you couldn't you make it broader by saying the sentence to be imposed and any requests for Modification reduction early termination of probation. If you if that had been there. Wouldn't you have a stronger position. You know, it would be stronger, but, but it would be stronger. Yes, it would be more clear. Yes, but that does not mean that this is inadequate for the purpose that we're saying it's adequate for today. You know, we can make it stronger. I mean that the language of the court just cited is is good language and and, you know, we may use that in the future. But here, the language that we have is enough to find that this appeal falls within the scope of the appeal waiver. Let me just ask you, if we agree that your reading is the reasonable is is a reasonable reading. Don't we also have to decide that Mr Hartley's reading is an unreasonable one for you to prevail, given that we read these appeal waivers narrowly. Oh, I feel, I feel like the courts asked me a trick question. Well, Wasn't intended as one, but I know that a try. I know. I suppose that I suppose that I suppose the court could conclude that the district that that the defendants view is not compelled by the cases and the the appeal waiver application principles that he sites. And because his view is not compelled by those principles in those cases, and the government's view makes sense within the context of the appeal waiver, the court can affirm the appeal waiver. That the defendants view is not compelled by the law, it's it's is it plausible is it can can can the argument be made. Maybe is a compelled by the law that he sites no it's not compelled our interpretation is reasonable and even if it's narrowly construed. And he's given the benefit of any ambiguities it's still sufficiently clear, even when narrowly construed it's still it's still covers this appeal. We can't get any broader than an appeal waiver that was any right to appeal any matter in connection with the sentence, it just, we just can't do it, but we'll definitely try in the future. I see that my time is up i'm going to yield the remainder of my time if the panel doesn't have any more questions. Thank you counsel we have some reserve rebuttal time. I want to make a few points, so I think I essentially heard the government can see this court district court does have a policy has a policy of practice a rule, whatever you call it this court has a. A consistent view that early termination will not be granted in probation cases I think that's the error that's what the case to say that's what the support this court's opinion and Vargas says the other cases that we've cited in our brief. The government emphasis on may is is, I think, essentially beside the point, of course, the district court has brought discretion under the statute, but this court has said in other cases other courts have said the existence of discretion. Does not give a district court authority to adopt a policy never to exercise that discretion when Congress has set forth factors and provided the district court with discretion. To make a decision, the Court still has to actually exercise that discretion and the Court here instead adopted his own blanket policy outside the statute never to do this. The suggestion that the district court made an individualized interest of justice finding and that we haven't challenged we haven't challenged that I just don't see that in this court's order, but only finding that I see is that the sentence imposed was of probation. I don't see any language in this order, relying even on the fact that the full term hasn't been served, but even if there is absolutely set forth in our reply. As I think, judge, judge Matheson, what if some of your questions acknowledged that just means the fact that it hasn't served the full term just means he's eligible to file a motion. And I do think that defendants come into this district court as if 3564 does not exist. The statute gives the defendants an opportunity to file a motion to terminate probation early in at the specified time in the statute. So the district district courts are obligated to consider individualized factors and make individualized decisions when making those decisions. And here the district court simply does not do that. On the appeal waiver again, I just want to reiterate that the government's argument about focusing on the right to appeal any matter in connection with. Focuses on discrete phrases, interprets them as broadly as possible and interprets them out of context, which is all. Completely contrary to how this court says appeal waivers should be interpreted. The court can't look at the 1st sentence and not the rest of the waiver. The rest of the waiver. Applies to revocation sentences expressly covers revocation sentences. If the government's interpretation was the only reasonable 1, there would be no reason that for the appeal waiver to then also expressly include revocation sentences. The waiver invokes 3742, which is the right to appeal the original sentence and specified circumstances. The waiver goes on to have with that. In other words, clarification to summarize that the right that's being being waived. Is the right to appeal the original sentence. Now, of course, there's other language in this waiver about the collateral attack about other things that are not an issue because the government has conceded that they're not an issue. So, yes, those things are way. But the specific question in this case is whether this waiver covers the right to appeal a motion to terminate probation. When that is not mentioned, and there are several aspects of this waiver that indicate that what the appeal waiver covers is the right to appeal the original sentence. As well, as the other things that are expressly covered, which is not a motion to terminate probation. And again, if the waiver is ambiguous, if the government's reading is reasonable. But it's not the only reasonable interpretation, then the waiver must be interpreted in favor of Mr. Hartley's appellate rights. Thank you counsel you ended right right right on the nose there. That will conclude the arguments this morning. We appreciate the arguments of counsel. They're very helpful. The case will be submitted.